IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-512-BO-RN

AGNETTA KOKUGONZA KAMUGISHA,　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　　　O R D E R
　　　　　　　　　　　　　　　　)
NORTH CAROLINA COMMUNITY　　　)
COLLEGES SYSTEM (NCCCS),　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　)

This cause comes before the Court on defendant's motion to dismiss plaintiff's amended complaint. [DE 13]. Plaintiff has responded [DE 16] and the time for filing a reply has expired. In this posture, the motion is ripe for disposition. For the reasons that follow, defendant's motion is granted.

BACKGROUND

In her amended complaint, plaintiff alleges that defendant, her former employer, violated Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq.*, and the North Carolina Equal Employment Practices Act (NCEEPA), N.C. Gen. Stat. §§ 143-422.1, *et seq.* Plaintiff alleges that defendant discriminated against her by failing to promote her, subjecting her to unequal terms and conditions of employment, retaliating against her, and subjecting her to a hostile work environment. Plaintiff alleges that she was discriminated against on the bases of her race, color, gender/sex, national origin, and age and that she experienced discrimination between July 2017 and May 1, 2024. *See* [DE 5].

In support of her claims, plaintiff alleges as follows. *See, generally, id*. at 5-8. Plaintiff is a Black woman of African national origin who, in 2022, was promoted to be defendant's Director of IT Operations. By April 2023, plaintiff had become eligible for full retirement benefits as she was sixty years old. Plaintiff retired from her employment in May 2024 after thirty years of service. Plaintiff alleges that, throughout her employment with defendant, she experienced discrimination, retaliation, and hostile treatment by defendant's senior leadership. Plaintiff specifically identifies harassment by Stephen Reeves, which she contends began as early as 2017-2019. Plaintiff alleges she was excluded from leadership roles, ignored, and that opportunities were given to non-Black colleagues but not to her.

After she was promoted to Director of IT Operations, plaintiff alleges she continued to be subjected to discrimination and hostility, in particular in the form of pay disparities where non-Black staff received raises and promotions that plaintiff did not. Plaintiff alleges that in 2022-2023, her manager downgraded her performance rating unfairly in order to justify not giving her a raise. Plaintiff also alleges that she carried a heavy workload and was not properly compensated.

In April 2023, plaintiff declined to return to the office, after which leadership took away her office and placed her workstation in a computer room. Plaintiff alleges that Reeves yelled at her during an online meeting in February 2024, which is evidence of a pattern of ongoing discrimination. In March 2024, plaintiff's change request was approved by a Black colleague, but Reeves refused to approve it until another supervisor approved the request. In April 2024, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC charge) and subsequently received notice of her right to sue. Plaintiff further alleges that in April 2024 she requested emergency resources, and that, days later, she felt she had no choice but to retire due to stress and unfair treatment.

2

## DISCUSSION

Defendant has moved to dismiss plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. and 12(b)(1) and 12(b)(6).

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). For a

3

claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

Defendant argues first that plaintiff has failed to exhaust her administrative remedies on her claims for color, sex, and gender discrimination because plaintiff did not identify these grounds as bases for discrimination in her EEOC charge. In her opposition, plaintiff argues that the claims in her amended complaint are reasonably related to the grounds for discrimination raised in her EEOC charge.

Before filing suit in federal court under Title VII or the ADEA, a plaintiff must first exhaust her administrative remedies by filing an EEOC charge, and "[t]he scope of the plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Jones v. Calvert Group, LTD.*, 551 F.3d 297, 300 (4th Cir. 2009) (abrogated on other grounds by *Fort Bend Cty., Texas v. Davis*, 587 U.S. 541 (2019)).

> In determining whether she exhausted her claims, we give [plaintiff] credit for charges stated in her administrative charging document, as well as "charges that would naturally have arisen from an investigation thereof." But when the claims in her court complaint are broader than "the allegation of a discrete act or acts in [the] administrative charge," they are procedurally barred.

*Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (citations omitted).

Allegations of a different type of discrimination or discrimination on a different basis than that

4

raised in the EEOC charge will be barred in a subsequent suit. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005). Where an EEOC charge is filed without the assistance of a lawyer, a court must afford it liberal construction, but it is not required "to read into administrative charges allegations they do not contain." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013).

Here, plaintiff's April 5, 2024, EEOC charge plainly shows that she contends that she was subjected to discrimination on the basis of her age, national origin, and race. [DE 5-4] at 1. Plaintiff does not assert that she was discriminated against on the basis of color, gender, or sex. Although plaintiff now contends that these additional bases for discrimination are reasonably related to the bases for discrimination in her EEOC charge, the Court disagrees. There are no factual statements in plaintiff's EEOC charge which would support a finding that evidence of any alleged discrimination on the basis of plaintiff's, for example, sex, would arise from any investigation of alleged discrimination on the basis of plaintiff's race, age, or national origin. *See Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 133 (4th Cir. 2002). Plaintiff's claims for discrimination on the basis of her color, gender, and sex are therefore dismissed for failure to exhaust.

Defendant next argues that some of plaintiff's claims concern conduct which occurred more than 180 days from the filing of her EEOC charge. Title VII requires an aggrieved party to file a charge with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). "If an individual fails to file an administrative charge with the EEOC within one hundred eighty (180) days after an alleged discriminatory act occurs (or three hundred (300) days if the aggrieved person presented the claim to a state deferral agency), then the EEOC charge is not considered timely filed." *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014) (overruled on other grounds). "While an untimely filing of a charge with the EEOC is

5

not a jurisdictional bar, it is a basis for dismissal by a defendant pursuant to Rule 12(b)(6)." *Oldham v. Univ. of N. Carolina*, No. 1:22CV513, 2023 WL 3984031, at \*6 (M.D.N.C. June 13, 2023).

Plaintiff filed her EEOC charge on April 5, 2024, and any discrete claims of discrimination that occurred before October 8, 2023, are therefore time-barred. In her opposition, plaintiff argues that the evidence of activity prior to October 8, 2023, constitutes evidence of continuing violations, not discrete acts of discrimination. Accordingly, plaintiff concedes she is not proceeding on any discrete act of discrimination which occurred prior to October 8, 2023. To the extent plaintiff relies on events which took place prior to October 8, 2023, to support her hostile work environment claim, *see Gilliam v. S.C. Dep't Of Juv. Just.*, 474 F.3d 134, 140 (4th Cir. 2007), the Court addresses this claim more fully below. Defendant also argues that plaintiff has failed to exhaust her administrative remedy as to acts of discrimination which allegedly occurred after plaintiff filed her EEOC charge. Plaintiff has failed to respond to this argument in her opposition, and the Court agrees that plaintiff cannot proceed on any discrete acts of discrimination which occurred after plaintiff filed her EEOC charge as they have not been exhausted.

Accordingly, remaining for consideration are plaintiff's claims for age, race, and national origin discrimination and retaliation based on discrete acts which took place between October 8, 2023, and April 4, 2024, as well as her hostile work environment claim.

Defendant argues next that plaintiff has failed to plausibly allege a claim for discrimination or retaliation. While a plaintiff does not need establish a prima facie case of a discrimination claim to survive a motion to dismiss, she must nonetheless "allege facts to satisfy the elements of a cause of action created by [the] statute[.]" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015); *see also Wicomico Nursing Home v. Padilla*, 910 F.3d

6

739, 751 (4th Cir. 2018). Additionally, "reference to the elements of a . . . claim is helpful to gauge the sufficiency of the allegations." *Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023).

"To establish a prima facie case of disparate treatment [under Title VII], a plaintiff must prove four elements: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 714 (4th Cir. 2024) (internal quotation and citation omitted). An age discrimination claim under the ADEA has the same elements, *see Bodkin v. Town of Strasburg, Virginia*, 386 F. App'x 411, 413–14 (4th Cir. 2010), but a plaintiff additionally must prove that age was the "but-for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).

Plaintiff's complaint includes general allegations concerning a pattern of discrimination and hostile treatment by defendant's leadership. Allegations arising from specific conduct which occurred within the 180-day window primarily concern non-Black employees receiving raises and promotions while plaintiff did not, plaintiff having her authority undermined by leadership when they distributed a survey without first consulting plaintiff, and plaintiff being yelled at by Reeves during a meeting.

The Court considers first plaintiff's claims arising from alleged pay disparities and the failure to promote. While the Court must, at this stage of the litigation, take plaintiff's allegations as true, plaintiff does not identify a promotion for which she was qualified but not selected within the 180-day window. Nor has plaintiff included additional factual enhancement that would allow the Court to draw the reasonable inference that any of the individuals to whom plaintiff refers regarding pay disparity is a comparator for purposes of Title VII – that is, that they were similarly

situated to her "in all respects." *Cosby*, 93 F.4th at 714 (cleaned up). Indeed, where, as here, a discrimination claim is based "completely upon a comparison to an employee from a non-protected class, . . . the validity of [the plaintiff's] prima facie case depends upon whether that comparator is indeed similarly situated." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010). Plaintiff has attached a chart to her complaint which lists salary information for other of defendant's employees. [DE 5-17].[1] Plaintiff describes these individuals as non-Black but does not include any information regarding their ages, though in her response to defendant's motion she contends that none of the employees in her chart "fit the description" of being sixty-one years old.[2] There is one other IT Director identified on plaintiff's chart, but his salary is only marginally higher than plaintiff's in 2022 and 2023, after plaintiff was promoted to IT Director, and plaintiff has failed to plead any other facts from which the Court could reasonably infer she was actually similarly situated to this or any other comparator. *See Akpa v. Frederick Health Hosp.*. No. 1:24-CV-02595-JRR, 2025 WL 2521481, at *10 (D. Md. Sept. 2, 2025). Plaintiff further alleges that she was treated poorly, her expertise was ignored, her office was reassigned, and that she requested emergency resources. The Court cannot discern from plaintiff's allegations any plausible claim for disparate treatment under Title VII or the ADEA based upon these bare allegations. Moreover, "without some connective thread between the alleged mistreatment and the protected status, there is no actionable claim for discrimination." *Gough v. Rock Creek Sports Club*, No. CV PJM 19-3533,

---

[1] The Court may consider plaintiff's exhibits attached to her complaint without converting the motion to one for summary judgment. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

[2] The Court would note that plaintiff may not amend her complaint through her arguments in response to the motion to dismiss. *Sadler v. Pella Corp.*, 146 F. Supp. 3d 734, 759 n.13 (D.S.C. 2015).

8

2021 WL 795447, at *2 (D. Md. Mar. 2, 2021). Plaintiff's allegations do not include such a connective thread.

Plaintiff's remaining allegations concern conduct by Reeves, specifically that he denied plaintiff leadership opportunities, screamed at plaintiff in meetings, made false accusations against plaintiff, and mocked plaintiff's background and language skills. One of these incidents allegedly occurred in February 2024, during the 180-day window. To assert a hostile work environment claim, plaintiff must plausibly allege "(1) unwelcome conduct, (2) based on her race [or another protected status], that was (3) severe or pervasive enough to make her work environment hostile or abusive and (4) imputable to . . . her employer." *Bazemore v. Best Buy*, 957 F.3d 195, 200 (4th Cir. 2020) (citation omitted). A hostile work environment is one which "'is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (en banc) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Defendant argues that plaintiff has failed to state a hostile work environment claim as the conduct about which she complains was not severe or pervasive. The Court agrees. Plaintiff has generally alleged conduct by Reeves which occurred over a period of years, but she has not alleged that any of Reeves's conduct was continuous or that it occurred without significant gaps of time between instances. *See, generally,* [DE 5] at 5 (Reeve's harassment dates back to 2017—2019 but no other specific dates provided except February 2024);[3] [DE 5-27] (identifying conduct occurring

---

[3] The Court notes that plaintiff has attached a number of exhibits to her complaint, but it is not incumbent on the Court to comb the record in order to find support for plaintiff's claims. *See, e.g., Howell v. Upgrade, Inc.*, No. 6:24-CV-04228-JDA-WSB, 2024 WL 5683321, at *1 (D.S.C. Dec. 6, 2024).

in 2017); [DE 5-18] (identifying conduct occurring in March 2024); *McIver v. Bridgestone Americas, Inc.*, 42 F.4th 398, 408 (4th Cir. 2022) (noting "large temporal gaps between allegations undermine a hostile-work-environment claim.").

The conduct alleged by plaintiff is further not sufficiently severe to support a hostile work environment claim. Unfair criticisms of work performance, a refusal to communicate, and a generally difficult working relationship are insufficient to state a hostile work environment claim. *Decoster v. Becerra*, 119 F.4th 332, 339 (4th Cir. 2024). Nor do plaintiff's allegations plausibly support that any of Reeves's behavior was due to plaintiff's race, age, or national origin; while plaintiff alleges that Reeves would not accept a decision made by Black people, [DE 5-18], this allegation is conclusory and speculative. The same is true regarding plaintiff's allegations relating to a comment by Reeves that English was not plaintiff's first language. [DE 5-27]. Rude and callous treatment, isolated incidents, and offhand comments are simply insufficient to support a hostile work environment claim. *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). At bottom, plaintiff has failed to plausibly allege actions by Reeves or others which were severe and pervasive enough to support a hostile work environment claim.

Plaintiff also brings a retaliation claim under both Title VII and the ADEA. Both statutes require a plaintiff to allege that she engaged in protected activity, that she suffered adverse action, and that there is a causal connection between the protected activity and the adverse action. *Williams v. Guilford Tech. Cmty. Coll. Bd. of Trs.*, 117 F. Supp.3d 708, 720 (M.D.N.C. 2015). "The adverse employment action must be one that a reasonable employee would have found materially adverse, which [can mean] that it 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (citation omitted). "'Protected activity under Title VII includes complaints of discrimination based upon 'race, color, religion, sex or national origin.'"

10

*Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021) (quoting *Landino v. Sapp*, 520 F. App'x 195, 198 (4th Cir. 2013)); *see also iBuchhagen v. ICF Int'l, Inc.*, 545 F. App'x 217, 221 (4th Cir. 2013) (similar requirements for ADEA retaliation claim but complaint must concern conduct made unlawful by ADEA). For an employee's conduct to be a protected activity, it must signal opposition to unlawful discrimination, so that a reasonable employer would understand the employee intended to assert rights protected by anti-discrimination law. *See Johnson v. Global Language Ctr.*, No. 21-1638, 2023 WL 3645055 *4 (4th Cir. May 25, 2023).

Plaintiff filed an EEOC charge in April 2024, which is plainly protected activity. But plaintiff does not allege any adverse action which would be causally connected to this protected activity. Nor has she alleged that any decision-makers were aware of her April 2024 EEOC charge. *See Roberts*, 998 F.3d at 124. In her opposition to the motion to dismiss, plaintiff relies on her requests for a raise in November 2023 to constitute protected activity. *See* [DE 5-8]. But her emails requesting a raise does not mention race, nationality, age, or any other protected characteristic, and does not otherwise plausibly signal opposition to any conduct prohibited by Title VII or the ADEA. Nor would a reasonable employer construe these emails as an intent to assert rights under either Title VII or the ADEA. Plaintiff has thus failed to allege a plausible claim for retaliation.

Finally, plaintiff's NCEEPA claim is properly dismissed for lack of subject matter jurisdiction. In its motion to dismiss, defendant argues that its Eleventh Amendment immunity bars plaintiff from bringing this claim against it. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). This guarantee applies not only to suits against the state itself but also to suits where "one of [the state's] agencies or departments is named as the defendant" as well as where state officers are sued in their official

11

capacities. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-102 (1984). The Eleventh Amendment bars suit in federal court regardless of the nature of the relief that is sought, *id.* at 100, unless one of the limited exceptions, such as waiver or abrogation, applies. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974); *Seminole Tribe v. Florida*, 517 U.S. 44, 55-56 (1996).

In her opposition, plaintiff states that she filed her complaint in federal court "where the main claims are addressed." [DE 16] at 7. The Court construes this as a concession that this claim should be dismissed. Even were the Court not to construe this statement as a concession, plaintiff has not demonstrated that any limited exception applies to defendant's Eleventh Amendment immunity from her NCEEPA claim, and this claim is properly dismissed. *Mussat-Whitlow v. Winston-Salem State Univ.*, No. 1:25-CV-00263, 2026 WL 674180, at *4 (M.D.N.C. Mar. 10, 2026).

CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss plaintiff's amended complaint [DE 13] is GRANTED. Plaintiff's claims are hereby DISMISSED with prejudice, with the exception of her claim under the NCEEPA, which is dismissed without prejudice. The Clerk is DIRECTED to enter judgment for defendant and against plaintiff and to close this case.

SO ORDERED, this **9** day of June 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

12